UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SECURED ASSET MANAGEMENT, LLC,

                                              Plaintiff,

           -against-                                17-cv-05588-DLI-CLP

CONG. BETH JOSEPH ZWI DUSHINSKY
A/K/A CONGREGATION BETH JOSEPH ZWI
DUSHINSKY, ELI KATZ, NYC
ENVIRONMENTAL CONTROL BOARD,
"JOHN DOE 1-10," said names being
fictitious and unknown to Plaintiff,
the persons or parties intended being
the tenants, occupants, persons or
corporations, if any, having or claiming
an interest in, or lien upon, the
premises described in the complaint,

                                              Defendants.
-------------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW OF IN OPPOSITION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANTS' MOTION FOR DISMISSAL**

                                              BARRY R. FEERST & ASSOCIATES
                                              *Attorneys for Defendants*
                                              194 South 8th Street
                                              Brooklyn, New York 11211
                                              (718) 384-5199

**TABLE OF AUTHORITIES** ................................................................................................... - 6 -

**LEGAL ARGUMENT** ............................................................................................................. - 8 -

    **I. A MORTGAGEE'S FAILURE TO SATISFY THE CURE PROVISION IN THE MORTGAGE, PRECLUDES JUDGMENT OF FORECLOSURE** ............................................... - 8 -

    **II. SAM IS PRECLUDED FROM RE-LITIGATING THE STATE COURT DECISION UNDER THE ROOKER-FELDMAN DOCTRINE** ...................................................................................... - 10 -

    **III. SAM EXPLICIT AND LENGHTLY RELIANCE ON THE DEFECTIVE NOTICE IN ITS COMPLAINT WARRANTS DISMISSAL PURSUANT TO FRCP 12(B)(6)** ............................ - 10 -

    **IV. THE STATUTE OF LIMITATIONS HAS EXPIRED** ............................................................. - 11 -

**CONCLUSION** ..................................................................................................................... - 14 -

# TABLE OF AUTHORITIES

**Cases**

A.C. Green Elec. Contrs. v SMG Constr. Inc., 279 A.D.2d 287 (1st Dep't 2001). ...................... 11
Arbisser v Gelbelman, 286 AD2d 694............................................................................................ 10
Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 296, 90 S. Ct. 1739, (1970); ......................................................................................................................................... 8
Aurora Loan Servs., LLC v Weisblum, 85 A.D.3d 95, 107 ......................................................... 7
Beneficial Homeowner Serv. Corp. v Tovar, 150 A.D.3d 657...................................................... 10
Chambers v. Time Warner, Inc., 282 F.3d 147, 153..................................................................... 9
City Sts. Realty Corp. v Jan Jay Constr. Enters. Corp., 88 AD2d 558 ........................................ 10
Clayton Natl. v Guldi, 307 AD2d 982, 982 [2003]; ..................................................................... 10
Costa v. Deutsche Bank Nat'l Trust Co., 247 F. Supp. 3d 329 ..................................................... 10
District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983). ............................................................................................................................ 8
Done v. Wells Fargo, N.A., 2013 U.S. Dist. LEXIS 100650, *15-18 ........................................... 8
EMC Mtge. Corp. v Smith, 18 AD3d 602 .................................................................................... 10
Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading, Inc., 697 F.3d 59, 64 n. 4................ 8
GE Capital Mtge. Servs. v Mittelman, 238 AD2d 471 [2d Dept 1997]). ..................................... 6
Halebian v. Berv, 644 F.3d 122, 131 n. 7 ..................................................................................... 8
Hoblock v. Albany Cnty. Bd. of Elecs, 422 F.3d 77, 84 (2d Cir. 2005)......................................... 8
Kitrosser v. CIT Group/Factoring, 1995 U.S. Dist. LEXIS 13912................................................ 11
Lavin v. Elmakiss, 302 A.D.2d 638 (3d Dep't 2003)..................................................................... 10
McIntosh v. Fannie Mae, 2016 U.S. Dist. LEXIS 96725 ............................................................. 10
Norwest Bank Minn. v Sabloff, 297 AD2d 722 [2d Dept 2002 ..................................................... 6
Plaia v. Safonte, 45 A.D.3d 747, 748 (2d Dep't 2007); ................................................................ 9
Plummer v Quinn, 2010 N.Y. Misc. LEXIS 3031........................................................................ 11
Rooker v. Fidelity Trust Co., 263 U.S. 413, 414-15, 68 L. Ed. 362, 44 S. Ct. 149 (1923) ........... 8
United States v. Alessi, 599 F.2d 513, 515 n.4 (2d Cir. 1979) ..................................................... 9
Wells Fargo Bank, N.A. v. Burke, 94 A.D.3d 980, 982-83 (2d Dep't 2012)................................. 9

**Statutes**

Fed. R. Civ. P. 12(B)(6),................................................................................................................ 8
N.Y. CPLR § 205(a) …………………………………………………………………………….11

N.Y. C.P.L.R. § 213(4) ................................................................................................................. 9
R.P.A.P.L § 1304 …………………………………………………………………………..………4

**Other Authorities**

Senate Introducer Mem in Support, Bill Jacket, L 2008, ch 472, at 10 ......................................... 7

## **PRELIMINARY STATEMENT**

This Memorandum of Law is submitted on behalf of defendant Congregation Beth Joseph Zwi Dushinsky (the "Congregation") and Eli Katz ("Katz"), in opposition to the motion of Secured Asset Management, LLC ("SAM") for summary judgment and in support of their cross-motion for summary judgment of dismissal of this actions in accordance with Fed. R. Civ. P. 12(B)(6).

SAM commenced this action to foreclose on the property of pursuant to an alleged default in payment of the underlying mortgaged note. This action was commenced subsequent to a state court action, in which SAM sought to foreclose on the Congregation's building. That action was dismissed after a trial on the merits. The Honorable Judge Wade ruled that SAM did not satisfy a condition precedent to the action for it did not give the Congregation an opportunity to cure the outstanding defaulted balance, prior to acceleration of entire principal and foreclosure on the premises. The underlying note has a provision that conditions same on granting the mortgagor a 30 day cure period. Since, neither SAM nor its predecessor complied with the condition precedent, the case was summarily dismissed.

Subsequent to the dismissal of the state action, SAM sent a notice (the "Notice") to the Congregation. Yet, SAM continues to preclude the Congregation from exercising its right to cure, because in the Notice it demanded an exorbitant fee in order to prevent foreclosure. The Notice demanded the sum of $788,936.45 that improperly inflates the outstanding amount due on the principal by approximately $400,000.00. It is unequivocally clear, that a demand of a grossly inflated sum, does not satisfy the notice to cure provision in the underlying note.

The purpose of the cure provision is to grant the mortgagor a window with which to reinstate the outstanding balance. Accordingly, if the mortgagee demands that the mortgagor pay

sums that are not due, it clearly did not satisfy the cure provision. Here, SAM's noncompliance was by no means *de minimus*, as the sum of of $400,000.00 is clearly material, from an objective as well as subjective perspective.

Clearly, the Congregation's ability to cure any default and avoid acceleration with its attendant foreclosure has been prejudiced by the egregious demand of a sum that is not outstanding. Accordingly, this action should be dismissed, in kind.

## STATEMENT OF FACTS

The Congregation respectfully refers the Court to the Declaration of Yehuda C. Morgenstern, dated February 16, 2018.

## LEGAL ARGUMENT

### I. A MORTGAGEE'S FAILURE TO SATISFY THE CURE PROVISION IN THE MORTGAGE, PRECLUDES JUDGMENT OF FORECLOSURE

It is the well-settled law in the State of New York that the cure provision in the mortgaged note must be satisfied prior to acceleration of the entire note and commencement of a foreclosure proceeding, as it is a condition precedent to a foreclosure action. See, HSBC Mortg. Corp. (USA) v Gerber, 100 AD3d 966 [2d Dept 2012]; Norwest Bank Minn. v Sabloff, 297 AD2d 722 [2d Dept 2002]; GE Capital Mtge. Servs. v Mittelman, 238 AD2d 471 [2d Dept 1997]). Failure to do same prevents summary judgment and is grounds for dismissal of the entire action, as was precisely the basis for the State Court's decision to dismiss SAM's prior action.

The importance of the notice to cure is a contracted-for provision that protects the rights of the mortgagors, from an otherwise avoidable and disheartening foreclosure action. This has been recognized by the legislature. Subsequent to the housing crises in 2008, the State Legislature expanded RPAPL § 1304 90-day cure period prior to encompass all loans in residential foreclosure cases. The stated reason was to in effect prevent unnecessary litigation. its manifest purpose is to aid the homeowner in an attempt to avoid litigation. "The legislative history noted a typical lack of communication between distressed homeowners and their lenders prior to the commencement of litigation, leading to needless foreclosure proceedings. The bill sponsor sought 'to bridge that communication gap in order to facilitate a resolution that avoids foreclosure' by providing a preforeclosure notice advising the borrower of "housing counseling services available in the borrower's area" and an 'additional period of time . . . to work on a resolution' " (Senate Introducer Mem in Support, Bill Jacket, L 2008, ch 472, at 10). Aurora Loan Servs., LLC v Weisblum, 85 A.D.3d 95, 107. Therefore, the cure provision was incorporated by statute as a condition precedent to foreclosure, notwithstanding its absence in the underlying note. Clearly, the legislature was keenly aware, that granting cure periods forestall foreclosure actions, to the benefit of all parties.

It is axiomatic that the notice to cure, whether pursuant to statute, or pursuant to the parties contract as in this case, must actually grant the mortgagor the ability to cure. Accordingly, SAM's demand from the Congregation that only way it can cure its default is by paying more than double what was outstanding, of approximately $400,000.00 does not satisfy the terms nor the purpose of the cure provision. Therefore, SAM is not allowed to foreclose on the Congregation's property and its motion for summary judgment should be denied.

## II. SAM IS PRECLUDED FROM RE-LITIGATING THE STATE COURT DECISION UNDER THE ROOKER-FELDMAN DOCTRINE

It is undisputed that this action was commenced after the conclusion of the state court action. Hence, SAM's demand of the entire principal is in direct contravention to the State Court's decision that ruled that the entire amount was not properly due. Therefore, SAM's insistence in this action that the entire principal was due in 2011, does not comport with the factual determination of the State Court and is therefore meritless.

The Rooker-Feldman doctrine arises from two decisions issued by the United States Supreme Court, Rooker v. Fidelity Trust Co., 263 U.S. 413, 414-15, 68 L. Ed. 362, 44 S. Ct. 149 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983). The doctrine stands for the proposition that "lower federal courts possess no power whatever to sit in direct review of state court decisions." Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 296, 90 S. Ct. 1739, 26 L. Ed. 2d 234 (1970); accord Hoblock v. Albany Cnty. Bd. of Elecs, 422 F.3d 77, 84 (2d Cir. 2005) ("[F]ederal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments."). See generally Done v. Wells Fargo, N.A., 2013 U.S. Dist. LEXIS 100650, *15-18.

Accordingly, SAM cannot ask the court to disregard a factual finding of the state court – that the entire principal is not due – and this action should be dismissed.

## III. SAM EXPLICIT AND LENGHTLY RELIANCE ON THE DEFECTIVE NOTICE IN ITS COMPLAINT WARRANTS DISMISSAL PURSUANT TO FRCP 12(B)(6)

It is the well-settled law that in analyzing a motion to dismiss for failure to state a cause of action pursuant to Fed. R. Civ. P. 12(B)(6), the Court can consider "[d]ocuments that are

attached to the complaint or incorporated in it by reference," Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading, Inc., 697 F.3d 59, 64 n. 4, in addition to "matters of which judicial notice may be taken," Halebian v. Berv, 644 F.3d 122, 131 n. 7. Additionally, even if "a document is not incorporated by reference," the Court may still consider it if "the complaint relies heavily upon its terms and effect," rendering "the document integral to the complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 153.

In this case, SAM not only incorporated by reference the defective Notice, but actually quoted much of the Notice's language in its Complaint. Therefore, the Notice is properly before the court at this stage, and dismissal of this action is warranted.

## IV. THE STATUTE OF LIMITATIONS HAS EXPIRED

Under New York law, the statute of limitations for a mortgage foreclosure action is six years "from the due date for each unpaid installment, or from the time the mortgagee is entitled to demand full payment, or *from the date the mortgage debt has been accelerated*." Plaia v. Safonte, 45 A.D.3d 747, 748 (2d Dep't 2007); N.Y. C.P.L.R. § 213(4) (emphasis added).

However, when acceleration of a mortgage debt on default is made optional with the mortgagee, "some affirmative action must be taken evidencing the [mortgagee]'s election to take advantage of the accelerating provision." Wells Fargo Bank, N.A. v. Burke, 94 A.D.3d 980, 982-83 (2d Dep't 2012). In such cases, the mortgagor must be provided with notice of the mortgagee's decision to exercise the option to accelerate the mortgage debt and such notice must be "clear and unequivocal." Id. at 983. See also United States v. Alessi, 599 F.2d 513, 515 n.4 (2d Cir. 1979) ("Such acceleration must consist of either notice of election to the [m]ortgagor or of some unequivocal overt act (*such as initiating a foreclosure suit*) manifesting an election in such a way

as to entitle the mortgagor, if he desires, to discharge the principal of the mortgage." [emphasis added]).

Here, according to SAM's instant notice, there was purportedly a default in or about December 1, 2009 and SAM's predecessor in interest commenced a lawsuit in State Court on or about September 15, 2010. There can be no dispute of these facts especially since SAM litigated the matter through a trial on the merits. Also, SAM seeks legal fees from that action, that presupposes that the it deems it accelerated in 2010.

Accordingly, commencement of a foreclosure action may be sufficient to put the borrower on notice that the option to accelerate the debt has been exercised (see, EMC Mtge. Corp. v Smith, 18 AD3d 602; Clayton Natl. v Guldi, 307 AD2d 982, 982 [2003]; Arbisser v Gelbelman, 286 AD2d 694; see Lavin v. Elmakiss, 302 A.D.2d 638 (3d Dep't 2003) ("[O]nce the debt has been accelerated by a demand or commencement of an action, the entire sum becomes due and *the statute of limitations begins to run on the entire mortgage*." [emphasis added]); see also, Costa v. Deutsche Bank Nat'l Trust Co., 247 F. Supp. 3d 329; McIntosh v. Fannie Mae, 2016 U.S. Dist. LEXIS 96725.

The State Action concluded with a trial on the merits, and the State Court disposed of the action simply upon SAM's failure to prove it served its Notice to Cure to constitute compliance with the mortgage's condition precedent. However, courts have held that even the failure to properly serve the summons and complaint upon the defendant homeowner does not as a matter of law destroy the effect of the sworn statement that the plaintiff had elected to accelerate the maturity of the debt (See, e.g. Beneficial Homeowner Serv. Corp. v Tovar, 150 A.D.3d 657; Fannie Mae v 133 Mgt., LLC, 126 AD3d 670; City Sts. Realty Corp. v Jan Jay Constr. Enters. Corp., 88 AD2d 558.

Therefore, since SAM also asserted at trial that the acceleration of the mortgage began in or about 2010, it is bound by its prior position and therefore, there is no issue that statute of limitations had run prior to the commencement of this action in 2017. Additionally, under New York law, "it is a well-settled principal of law that a party who assumes a certain position in a legal proceeding may not thereafter, simply because his interests have changed, assume a contrary position." Kitrosser v. CIT Group/Factoring, 1995 U.S. Dist. LEXIS 13912. Thus, SAM cannot disclaim the entire State Court action which it sought to litigate until actual foreclosure. Had SAM submitted appropriate proof, it would have assuredly continued to maintain that the acceleration was valid.

Furthermore, as conceded by SAM, its claim accrued some time in 2009 or 2010, therefore the time to enforce same has long since passed. Even though there was a tolling of the statute, the savings statute of CPLR §205 specifically excludes SAM's position, and therefore it cannot revive the claim. As the Court held in Plummer v Quinn, 2010 N.Y. Misc. LEXIS 3031, "[I]f an action arises out of the same occurrence or transaction or series of occurrences or transactions as a previous action that was dismissed for reasons *other than* by 'voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a *final judgment upon the merits*,' the statute of limitations will extend for six months after the first action ends. CPLR 205(a)." (Emphasis added).

SAM cannot now commence a new action to foreclose under CPLR § 205 and raise the same claims against the defendants as those asserted in the previous action, because the court's decision in the previous action constituted a final judgment on the merits and thus SAM's action did not survive to permit renewal. A.C. Green Elec. Contrs. v SMG Constr. Inc., 279 A.D.2d 287

(1st Dep't 2001). The failure to comply with a condition precedent was asserted years ago in the prior action and SAM could have easily discontinued its case and commenced a new case within the limitations period. However, it chose not to, to its own detriment.

## **CONCLUSION**

The Court should dismiss this action in its entirety.

BARRY R. FEERST & ASSOCIATES

By:_____/s/_____
Yehuda C. Morgenstern
*Counsel for Defendants*
194 South 8th Street
Brooklyn, NY 11211
(718) 384 -9111

Dated: February 16, 2018
Brooklyn, NY