```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
SECURED ASSET MANAGEMENT, LLC,           :
                                         :
                 Plaintiff,              :
                                         :
       -against-                         :
                                         :                    **OPINION AND ORDER**
CONG. BETH JOSEPH ZWI DUSHINSKY          :                    17-cv-05588 (DLI)(CLP)
a/k/a/ CONGREGATION BETH JOSEPH ZWI      :
DUSHINSKY, ELI KATZ, NYC                 :
ENVIRONMENTAL CONTROL BOARD, and         :
"JOHN DOE 1-10," *said persons or parties* :
*having or claimed to have a right, title or* :
*interest in the mortgaged premises herein, their* :
*respective names presently unknown to Plaintiff*,:
                                         :
                 Defendants.             :
------------------------------------------------------------ X
```

**DORA L. IRIZARRY, Chief United States District Judge:**

On September 25, 2017, Plaintiff Secured Asset Management, LLC ("Plaintiff"), commenced this foreclosure action against Defendants, Cong. Beth Joseph Zwi Dushinsky, a/k/a Congregation Beth Joseph Zwi Dushinsky (the "Congregation") and Eli Katz (together, the "Defendants"), the City of New York Environmental Control Board, and John Does Nos. 1 through 10, pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §§ 3801 *et seq.*, seeking to foreclose on a mortgage (the "Loan") encumbering property located at 135 Ross Street, Brooklyn, NY (the "Subject Property").[1] (*See generally*, Compl., Docket Entry No. 1.) Before the Court is Plaintiff's motion for summary judgment and Defendants' motion to dismiss the complaint pursuant to 12(b)(6). *See*, Mot. for Summ. J., Docket Entry No. 21; Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), Docket Entry No. 22.)

---

[1] The Subject Property is listed on the County Tax Map as Block: 2182, Lot: 58 in Kings County, New York. (Compl. ¶ 1.)

For the reasons set forth below, Plaintiff's motion for summary judgment is granted and Defendants' motion to dismiss the complaint is denied.

## BACKGROUND

Plaintiff seeks to foreclose on a commercial mortgage that encumbers the Subject Property. Plaintiff brings this action after losing a seven-year litigation in New York State Supreme Court, Kings County ("Kings County") to foreclose the mortgage on the Subject Property, styled *Newboy Holdings, LLC v. Cong. Beth Joseph Zwi Dushinsky et al.,* Supreme Court, N.Y. Kings County, Index No. 22762/2010, subsequently amended as *Secured Asset LLC v. Cong. Beth Joseph Zwi Dushinsky et al.* Plaintiff lost the original state court action because the predecessor mortgagee, Newboy Holdings, Inc. ("Newboy"), failed to serve properly the notice to cure (the "2010 Notice to Cure") as required under New York law. (Pl.'s Rule 56.1 Stmt. ¶ 20, Docket Entry No. 21-1.)

Plaintiff is a limited liability company organized under the laws of the State of Jersey. (Compl. ¶ 3.) Defendant Congregation is a New York religious corporation located on the Subject Property, and Defendant Katz also resides in Brooklyn, New York. (*Id.* ¶ 5-7.) The New York Environmental Control Board is a defendant solely to foreclose an interest, if any, in the Subject Property arising from any code violations or other infractions resulting in fines or assessments against the Subject Property.

On January 14, 2003, the Congregation, through Katz as its president, executed and delivered to Astoria Federal Savings and Loan Association ("Astoria"), a consolidated mortgage note (the "Note") whereby the Congregation was bound to pay Astoria, and/or its successors and assigns, the sum of $525,000.00. (Pl.'s Rule 56.1 Stmt. ¶ 1; Mortgage Note, Docket Entry No. 21-4.) As collateral security for the payment of the debt, the Congregation, on the same day and also through Katz as its president, executed and delivered to Astoria a consolidated mortgage (the

"Mortgage") that subsequently was recorded in the Kings County Clerk/Register's Office on June 18, 2003. (Pl.'s Rule 56.1 Stmt. ¶ 2; Consolidated Mortgage, Docket Entry No. 21-5.)

On June 22, 2010, Astoria endorsed the Note and assigned the Mortgage to Newboy, which was recorded on July 6, 2010. (*Id.* ¶ 4-5.) On May 9, 2013, Newboy assigned the Mortgage to Plaintiff, which was recorded on October 23, 2013. (*Id.* ¶ 2.) On July 23, 2014, Newboy issued a corrective endorsement of the Note to Plaintiff. (*Id.* ¶ 6 n.3.)

In December 2009, the Congregation failed to comply with the conditions of the Mortgage by failing to pay the installment of $3,585.96 and the escrow money for taxes that became due December 1, 2009. The Congregation failed to pay each month thereafter to the present.

Accordingly, on September 15, 2010, Newboy brought an action in Kings County Supreme Court seeking foreclosure of the Subject Property. (*Id.* ¶ 16-20.) The state court action was tried on January 10, 2017. Defendants argued at trial and in their motion briefs that Plaintiff failed to prove Newboy served the "2010 Notice to Cure, and, therefore, failing (sic) to satisfy a condition precedent to foreclosing the loan." (*Id.* ¶ 19.) The trial judge dismissed the foreclosure action, stating that "[Newboy] failed to meet a condition precedent to the commencement of [the] action" by not properly serving a notice to cure. (*Id.* ¶ 20.)

On June 22, 2017, Plaintiff filed a new notice to cure (the "2017 Notice to Cure"). On September 25, 2017, Plaintiff brought this new action in a renewed attempt to initiate foreclosure proceedings. Since Plaintiff lost the state court action, the Congregation has continued to occupy the Subject Property, without making a payment as required by the Note. (Pl.'s Rule 56.1 Stmt. ¶ 13, 21-22.) Defendants filed their answer on November 1, 2017, principally contending that the 2017 Notice to Cure is deficient because it overstates the amount of indebtedness, among other affirmative defenses. (*See generally,* Answer & Affirmative Defenses, Docket Entry No. 10.)

Plaintiff now bring this motion for summary judgment to initiate foreclosure proceedings, contending that they have established their *prima facie* case. (*See generally*, Pl.'s Mem in Supp., Docket Entry No. 21-13.) Plaintiff seeks: (1) a judgment of foreclosure against the Subject Property, (2) to strike Defendants' answer and affirmative defenses, (3) an award of default interest pursuant to the Mortgage, and reasonable attorney's fees and costs, (4) to dismiss Defendants John Doe Nos. 1 through 10 from this action without prejudice and remove them from the case caption; and (5) an appointment of a referee to (a) compute the amounts due under the Mortgage and Note, including the total amount owed in default interest and Plaintiff's fees and costs, and (b) conduct a foreclosure sale of the Subject Property. (*Id.*) Defendants cross-move to dismiss the complaint under Rule 12(b)(6) contending that that Plaintiff cannot initiate foreclosure as a matter of law and is barred by the statute of limitations and the prior state court decision. (*See generally*, Defs.' Mem. of Law in Supp. of Their Mot. to Dismiss, Docket Entry No. 24.)

## **DISCUSSION**

### I. Legal Standard

#### A. Summary Judgment Motion

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations omitted). A fact is "material" within the meaning of Rule 56 when its resolution "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). An issue is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

To determine whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam) and *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir. 1989)). "[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The moving party bears the burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted). Once the moving party has met its burden, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted). The nonmoving party must offer "concrete evidence from which a reasonable juror could return a verdict in [its] favor." *Anderson*, 477 U.S. at 256. The nonmoving party may not "rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible, or upon the mere allegations or denials of the nonmoving party's pleading." *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 532-33 (2d Cir. 1993) (citations and internal quotations omitted). "Summary

5

judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012) (quoting *Matsushita*, 475 U.S. at 587).

Federal Rule of Civil Procedure 56 provides that, in moving for summary judgment or responding to such a motion, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(l)(A). "An affidavit or declaration used to support or oppose a [summary judgment] motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

"Rule 56's 'requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'" *Patterson v. County of Oneida, New York*, 375 F.3d 206, 219 (2d Cir. 2004) (citing *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988)). If assertions in an affidavit "are not based upon the affiant's personal knowledge, contain inadmissible hearsay, or make generalized and conclusory statements," a court may strike those portions of the filing, or decline to consider those portions that are not based on personal knowledge or are otherwise inadmissible. *Serrano v. Cablevision Sys. Corp.*, 863 F. Supp.2d 157, 163 (E.D.N.Y. 2012) (citations omitted). While the Court need consider only the materials cited by the parties, it may consider any other materials in the record in deciding a motion for summary judgment. Fed. R. Civ. P. 56(c)(3).

6

### B. Motion to Dismiss Pursuant to 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (citations and internal quotation marks omitted). The plausibility standard "does not require 'detailed factual allegations,' but it demands more than [] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). *Iqbal* requires more than "'a formulaic recitation of the elements of a cause of action.'" *Id.* at 681 (quoting *Twombly*, 550 U.S. at 555). Where a complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). On a motion to dismiss, the Court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (citations and internal quotation marks omitted).

Rule 12 "permits a district court to consider matters outside of the pleadings and to treat a motion for dismissal as one for summary judgment provided 'all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *In re Nagler*, 246 F. Supp.3d 648, 652 n.3 (E.D.N.Y. 2017); Fed. R. Civ. P. 12(d). When a court evaluates cross-motions for summary judgment, each party's motion must be evaluated "on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Bryn v. Rutledge,* 623 F.3d 46, 53 (2d Cir. 2010) (citation omitted).

Defendants' motion to dismiss the complaint is converted into a motion for summary judgment. Defendants have submitted an affidavit, a Rule 56.1 statement, and exhibits beyond the pleadings, all to which Plaintiff responded. Accordingly, the court finds that the parties had

"a reasonable opportunity to present all material made pertinent to this motion." Fed. R. Civ. P. 12(d).

## II. Analysis

### A. Mortgage Foreclosure Framework

Under New York law, a mortgage is "merely security for a debt or other obligation." *United States v. Freidus*, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991) (internal citations omitted). The "'mortgagor is bound by the terms of his contract as made'" and, in the event of a default, cannot be relieved from the default unless waived by the mortgagee, or where there is "'estoppel, or bad faith, fraud, oppressive or unconscionable conduct'" on the part of the mortgagee. *United States v. Freidus*, 769 F. Supp. at 1276 (*quoting Nassau Tr. Co. v. Montrose Concrete Prods. Corp.*, 56 N.Y.2d 175, 183 (1982).

To establish a *prima facie* case in a mortgage foreclosure action under New York law, a plaintiff lender must demonstrate proof of: "(1) a mortgage; (2) a note; and (3) proof of default on the note by the mortgagor." *CIT Bank, N.A. v. Escobar*, 2017 WL 3614456, at *4 (E.D.N.Y. June 16, 2017); *Eastern Savings Bank, FSB*, 2015 WL 778345, at *6 (E.D.N.Y. Feb. 24, 2015) ("In a mortgage foreclosure action under New York law, a lender must prove: (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt."). The plaintiff lender is entitled to a judgment of foreclosure as a matter of law if it establishes a *prima facie* case. *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 34 (2d Cir. 2012). Once the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to demonstrate that there is a triable issue of fact with respect to the merits of the defenses and counterclaims. *Gustavia Home, LLC v. Rutty*, 720 F. App'x 27, 28 (2d Cir. 2017); *Fleet Nat'l Bank v. Olasov*, 16 A.D.3d 374, 374 (2d Dep't 2005).

### B. Plaintiff Has Established a *Prima Facie* Case to Foreclose the Subject Property

Here, on June 22, 2017, Plaintiff served the Notice to Cure upon the Congregation, and declared that, pursuant to the terms of the Note and Mortgage, the entire principal balance, together with all accrued interest, became immediately due and payable because of the Congregation's default. (Pl.'s Rule 56.1 Stmt. ¶¶ 13, 21-22.) As demonstrated by the exhibits accompanying Plaintiff's motion, including the Note, the Mortgage, and the 2017 Notice to Cure, Plaintiff has demonstrated that (i) the Congregation owes Plaintiff a debt, which includes the outstanding balance on the Note; (ii) the debt is secured by a valid and enforceable Mortgage; and (iii) the Congregation defaulted on the Note by failing to make the required payments on December 1, 2009, and thereafter to the present. (*Id.* ¶¶ 1-2, 15, 24-25.)[2]

Defendants in their answer and briefing papers appear to make only general denials that Plaintiff has established a *prima facie* case. The Second Circuit has explained that a court may "strike portions of an affidavit that . . . make generalized and conclusory statements." *Hollander v. American Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir.1999). Thus, Defendants' general denials that Plaintiff has not established a *prima facie* case are insufficient.

Accordingly, Plaintiff has demonstrated a *prima facie* case to foreclose on the Subject Property.

### C. Defendants' Motion to Dismiss the Complaint

Defendants set forth the following contentions and affirmative defenses in response to Plaintiff's *prima facie* case: (1) the complaint fails to state a claim upon which relief may be granted; (2) "Plaintiff's claims are time barred, in whole or in part, by the applicable statute of

---

[2] Under the terms of the Note, the Congregation was bound to pay Plaintiff, as a successor in interest, $525,000.00, with interest at 6.625% per annum, as follows: $3,585.96 on March 1, 2003 and on the first day of each month thereafter until paid. (Pl.'s Rule 56.1 Stmt. ¶ 3.) To date, the principal sum of $455,014.84 is due under the Note and Mortgage plus interest. (*Id.* ¶ 25.)

limitations;" (3) "Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches;" (4) "Plaintiff's claims are barred by documentary evidence;" (5) "Plaintiff failed to satisfy a condition precedent prior to commencing this action;" and (6) "Plaintiff's claims are barred by the doctrines of collateral estoppel, judicial estoppel and or res judicata." (Answer & Affirmative Defenses ¶¶ 4-10.)

The Court addresses each below.

### 1. *The Complaint States a Claim Upon Which Relief May be Granted*

#### a. The 2017 Notice to Cure is Not Facially Deficient

Plaintiff served the 2017 Notice to Cure upon Defendants to effectuate acceleration of the entire amount due because of Plaintiff's default. Defendants contend that the Loan was not accelerated on June 22, 2017 because Plaintiff demanded "more than double what was outstanding" in the notice. (Declaration of Yehuda C. Morgenstern ("Morgenstern Decl."), Docket Entry No. 22-1, ¶ 11.) According to Defendants, the 2017 Notice to Cure inflated the amount owed and, therefore, the instrument was deficient.

In the 2017 Notice to Cure, Plaintiff stated the sum total of Defendants' arears was $788,936.45. Plaintiff supported this calculation with the following totals: (1) $455,014.84 in principal due on the Note; (2) $317,509.36 in default interest accruing as of July 2011 at the default interest rate of 11.63 percent; (3) $7,089.17 in escrow deficit for tax and insurance advances; and (4) $9,323.08 in related late charges. (Pl.'s Rule 56.1 Stmt. ¶¶ 14, 22, 25, 26.)

Without citing any relevant legal authority, Defendants simply allege the amount demanded is incorrect. Specifically, they assert, without any factual basis, that Plaintiff demanded the Congregation "pay an additional $400,000.00" in its Notice to Cure. (Morgenstern Dec. ¶ 12.) This unexacting figure is a generalized allegation and insufficient against Plaintiff's supported

10

figures. *See*, Fed. R. Civ. P. 56(c)(4) (declarations used to support a motion "must be made on personal knowledge [and] set out facts that would be admissible in evidence.").

Furthermore, even if Plaintiff's interest calculation was incorrect, disputing the amount due is not a defense to an action to foreclose on a mortgage. *See e.g.*, *Ponce de Leon Fed. Bank v. Kaplan*, 2014 WL 4063630, at *4 (N.Y. Sup. Ct. Aug. 14, 2014) (granting summary judgment to foreclose despite defendant disputing the amount owed); *Mortgage Electronic Registration Sys., Inc. v. Schuh*, 48 A.D.3d 838, 841 (3d Dep't 2008) ("[A]s for defendants' challenge to the amount due, we note that this would not have been a defense to the motion for summary judgment, but only a factor to be reconciled in the referee's or court's calculation of the amount owed."). Moreover, the cases Defendants do rely on are unavailing. Those cases only stand for the proposition that a contracted for notice to cure is a condition precedent to initiating a foreclosure action. *See e.g., HSBC Mortg. Corp. (USA) v. Gerber*, 100 A.D.3d 966, 966-67 (2d Dept. 2012).

Defendant's reliance on RPAPL § 1304 also is unavailing because that section applies only to residential loans. Under RPAPL § 1304, a lender must send a notice to the home loan debtor certain warnings set forth under the statute. *See*, RPAPL § 1304. The Loan in this case is not a residential loan and, thus, the provision does not apply. *See*, *Bayview Loan Serv., LLC v. Akande*, 154 A.D.3d 694, 695 (2d Dept. 2017) (holding in mortgage foreclosure action that plaintiff did not have to comply with RPAPL § 1304 because the loan it was foreclosing on was not a home loan).

Accordingly, Plaintiff served on Defendants a valid notice to cure, satisfying a necessary condition precedent to foreclose on the Loan.

### b. <u>The *Rooker-Feldman* Doctrine is Inapplicable</u>

Defendants rely on the *Rooker-Feldman* doctrine to contend that the Court lacks jurisdiction over this case because of the prior state court judgment. Under the *Rooker-Feldman*

doctrine, federal district courts lack jurisdiction over cases that "essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). The *Rooker-Feldman* doctrine precludes "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005). There are four requirements for a suit to be barred under the *Rooker-Feldman* doctrine, all of which must exist for the doctrine to apply:

> (1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state court judgment was rendered before the district court proceedings commenced.

*Vossbrinck*, 773 F.3d at 426 (internal citations and quotation marks omitted).

Here, the second and third prongs of the *Rooker-Feldman* doctrine are not present. For the second prong, Plaintiff does not complain of injuries caused by the state court judgment. Rather, Plaintiff corrected a procedural defect found by the state court to preclude Plaintiff's success in that forum.

For the third prong, Plaintiff has not asked the Court to review the state court decision. Instead, Plaintiff contends that, after serving the 2017 Notice to Cure, the loan is accelerated properly such that it can proceed in this federal case to foreclose on the mortgage.

Defendants rely on *Done v. Wells Fargo, N.A.* to support their contention that the action is barred under *Rooker-Feldman*. 2013 WL 3785627, at *5 (E.D.N.Y. Jul. 18, 2013). However, *Done* is inapposite. In *Done*, the court found the *Rooker-Feldman* doctrine barred a suit where the "purpose" of the suit was to "undo" the state court's judgment of foreclosure. *Id.* at *7. Plaintiff's action is not brought to "undo" the state court's decision that the Loan was not accelerated in 2010.

In fact, Plaintiff accepts the result of the state court judgment in this action. Therefore, *Done* is inapplicable and the *Rooker-Feldman* doctrine does not apply.

Accordingly, Defendants' first affirmative defense that Plaintiff has not stated a claim upon which relief can be granted is dismissed.

### 2. *Plaintiff is Not Barred by the Statute of Limitations*

Defendants contend that this case should be dismissed because the statute of limitations accrued sometime in 2009 or 2010, as Plaintiff deemed the Loan accelerated in 2010 pursuant to Plaintiff's predecessor's acceleration of the Loan. (Def.'s Mem. of Law in Further Supp. of Their Mot. to Dismiss, Docket Entry No. 25, at 8-11.) In turn, Plaintiff contends that (1) this action is timely, and (2) regardless, Defendants are estopped from raising this argument because of the state court judgment under doctrines of both judicial and collateral estoppel.

#### a. <u>Plaintiff's Claims Are Timely</u>

Under New York law, an action upon a bond or note, the payment of which is secured by a mortgage upon real property, must be commenced within six years from the accrual of a cause of action. CPLR § 213(4). The statute of limitations "begins to run six years from the due date for each unpaid installment or the time the mortgagee is entitled to demand full payment, or when the mortgage has been accelerated by a demand or an action is brought." *1077 Madison Street, LLC v. March*, 2015 WL 5093563, at *2 (E.D.N.Y. Aug. 28, 2015). "Once the mortgage is accelerated, the statute of limitations begins to run on the entire mortgage debt." *Id.* at *2.

After losing the state court action, in which the state court held that the Loan was not accelerated in 2010, Plaintiff served the 2017 Notice to Cure on July 31, 2017 and accelerated the Loan pursuant to that notice. (Pl.'s Rule 56.1 Stmt. ¶¶ 21-22.) Under CPLR § 213(4), the 6-year

statute of limitations began to run once the Loan was accelerated on that date. Here, Plaintiff is well within the six-year limitations period in filing this action.

Accordingly, Plaintiff has sufficiently demonstrated that its claims are timely.

### b. The Doctrine of Judicial Estoppel Precludes Defendants from Contending the Loan was Accelerated by the 2010 Notice to Cure

"The doctrine of judicial estoppel prevents a party from asserting a . . . position in one legal proceeding that is contrary to a position that it successfully advanced in another proceeding." *Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir. 2004). "A party invoking judicial estoppel must show that (1) the party against whom the estoppel is asserted took an inconsistent position in a prior proceeding and (2) that position was adopted by the first tribunal in some manner, such as by rendering a favorable judgment." *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 6 (2d Cir. 1999) (internal citations omitted).

As for the first prong, in the state court action, Defendants argued that the Loan was not accelerated in 2010 because Plaintiff's predecessor in interest, Newboy, did not serve a notice to cure. (Pl.'s Rule 56.1 Stmt. ¶¶ 16-20.) Now, in this action, Defendants contend that the statute of limitations to foreclose on the Loan expired because it commenced running in 2010 based on Plaintiff's attempted service of the 2010 Notice to Cure. However, these two positions are "fundamentally at odds." *See e.g.*, *Jasper v. Sony Music Entm't, Inc.*, 378 F. Supp.2d 334, 344 (S.D.N.Y. 2005). Accordingly, this first factor of judicial estoppel is satisfied.

As for the second prong, Defendants' argument in the state court proceeding was adopted by the state court. The state court dismissed the prior action stating expressly that Plaintiff's inability to prove that Newboy served a notice to cure was a "[failure] to meet a condition precedent to the commencement of this action." (Pl.'s Rule 56.1 Stmt. ¶ 20); *See*, *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (the party being estopped must have "persuad[ed] a court to

14

accept that party's earlier position.'"); *Jasper*, 378 F. Supp.2d at 345 (a favorable verdict is the most common way in which a court adopts a party's prior position).

Accordingly, Defendants are judicially estopped from contending that the Loan was accelerated by the 2010 Notice to Cure.

### c. Collateral Estoppel Precludes Relitigation of Whether the Loan Was Accelerated by the 2010 Notice to Cure

Alternatively, Defendants are also estopped from contending Plaintiff's foreclosure claim is barred by the statute of limitations under the doctrine of collateral estoppel. Under New York law, to establish collateral estoppel, a party must show:

> (1) the identical issue necessarily was decided in the prior action and is decisive of the present action; and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action.

*Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006). The proponent of the doctrine bears the burden to prove the first factor; however, as to the second factor, the party opposing issue preclusion bears the burden to prove that it did not have a full and fair opportunity to litigate the issue. *Id.* at 281-82.

Here, both prongs are satisfied. First, the issues are identical. It is undisputed that the only issue the state court adjudicated was whether the 2010 Notice to Cure was served. (Pl.'s Rule 56.1 Stmt. ¶ 20.) This is the identical issue presented by Defendants as an affirmative defense. Moreover, the question of when the Loan was accelerated is decisive in this case.

As for the second prong, Defendants had a full and fair opportunity to litigate the acceleration issue in the prior action. Defendants specifically raised and successfully argued that the Loan was never accelerated in 2010 during and after trial in the state court proceeding. *See*, *Swiatkowski v. Citibank*, 745 F. Supp.2d 150, 169-70 (E.D.N.Y. 2010); *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 2009 WL 2922851, at *9 (E.D.N.Y. Sept. 8,

15

2009) (parties precluded from relitigating issue where the issue was raised in prior action between the parties).

Therefore, Defendants are barred by collateral estoppel from relitigating the issue of whether the Loan was accelerated in 2010. Accordingly, Defendants' second affirmative offense that Plaintiffs' claims are barred by the statute of limitations is dismissed.

### 3. *Plaintiff's Claims Are Not Barred by the Doctrines of Waiver, Estoppel or Laches*

For their third affirmative defense, Defendants contend that Plaintiff's claims are barred by the doctrines of waiver, estoppel, or laches. Invoking these doctrines as affirmative defenses necessitates dismissal because they are merely conclusory affirmative offenses.

With respect to the waiver defense, the evidence shows that Plaintiff never knowingly or intentionally waived its rights to collect the Mortgage payments due under the Note, and timely commenced foreclosure proceedings seeking to vindicate its rights under the Mortgage in 2010 and 2017. With respect to the estoppel defense, Defendants do not provide any evidence to support that Plaintiff made misrepresentations to Defendants, nor do Defendants demonstrate that they relied on such misrepresentations. The affirmative defenses of laches and estoppel are barred because, as explained above, the foreclosure action was brought within the six-year statute of limitations. *Eastern Savings, FSB v. Thompson*, 2016 WL 2977268, at *3 (E.D.N.Y. May 19, 2016) ("The defenses of laches and estoppel are unavailable when the foreclosure action is brought within the six-year statute of limitations.").

Accordingly, as Plaintiff is not barred by the doctrines of waiver, estoppel, or laches, Defendants' third affirmative defense is dismissed.

### 4. *Plaintiff's Claim is Not Barred by Documentary Evidence*

Defendants allege in their fourth affirmative defense that Plaintiff's claims are barred by documentary evidence. As with Defendants' third affirmative defense, this allegation is nothing more than a bare conclusion. Moreover, as discussed above, Plaintiff, through its exhibits and declarations, has established documentary evidence to the contrary that this action is proper.

Accordingly, Defendants' fourth affirmative defense that Plaintiff's claims are barred by documentary evidence is dismissed.

### 5. *Plaintiff Has Satisfied All Conditions Precedent to Foreclosure*

For their fifth affirmative defense, Defendants allege that Plaintiff failed to satisfy a condition precedent in bringing its claim. However, Plaintiff has demonstrated sufficiently through documentary evidence that it properly initiated this action following service of the 2017 Notice to Cure. As noted above, in the 2017 Notice to Cure, Plaintiff advised Defendants of the Congregation's default, and, declared that, pursuant to the terms of the Note and Mortgage, the entire principal balance, together with all accrued interest, was due and payable immediately. (Pl.'s Rule 56.1 Stmt. ¶ 22.) Plaintiff served the 2017 Notice to Cure prior to initiating this foreclosure action.

Accordingly, Plaintiff complied with all conditions precedent to initiating this action, and the fifth affirmative defense is dismissed.

### 6. *Plaintiff is Not Judicially or Collaterally Estopped from Contending that the Loan Was Not Accelerated in 2010*

For their sixth affirmative defense, Defendants contend that Plaintiff also is bound by its prior position in the state court proceeding that the Loan was not accelerated in 2010 under either the doctrine of judicial or collateral estoppel.

### a. Plaintiff is Not Judicially Estopped from Contending that the Loan Was Not Accelerated in 2010

As discussed above, one of the factors necessary to invoke the doctrine of judicial estoppel is that the "position was adopted by the first tribunal in some manner, such as by rendering a favorable judgment." *Mitchell*, 190 F.3d at 6 (internal citation omitted). However, the state court specifically rejected Plaintiff's position that the Loan was accelerated in 2010. (Pl.'s Rule 56.1 Stmt. ¶ 20.) Thus, the first factor of the doctrine is not satisfied, and Plaintiff is not judicially estopped from asserting that the Loan was not accelerated in 2010.

### b. Plaintiff is Not Collaterally Estopped from Contending that the Loan Was Not Accelerated in 2010

In addition, Plaintiff is not "relitigating . . . an issue clearly raised" in the state court action and decided. *See*, *Murphy v. Gallagher*, 761 F.2d 878, 881 (2d Cir. 1985). The factual issue the state court decided was that the Loan was not accelerated in 2010 because the 2010 Notice to Cure was not served properly. (Pl.'s Rule 56.1 Stmt. ¶ 20.) As discussed above, Plaintiff has not contested this issue, but rather has brought a new action upon properly serving the 2017 Notice to Cure on Defendants and accelerating the Loan in 2017.

Defendants rely on *Kitrosser v. CIT Group/Factoring, Inc.*, 1995 WL 567115 (S.D.N.Y. Sept. 25, 1995), for the proposition Plaintiff is bound by "its prior position" in the state court action. But *Kitrosser* is unavailing. *Kitrosser* stands for the rule that a party cannot "assume a contrary position" in the same legal proceeding because its interests changed. *Id.* at *2. That is not the case here, as the state court action and this federal action are different proceedings.

Therefore, Plaintiff's claims are not barred under the doctrine of collateral estoppel. Accordingly, Defendants' sixth affirmative defense is dismissed.

**III.     Plaintiff is Entitled to Default Interest Rate and Attorney's Fees**

"[W]here there is a clear, unambiguous, and unequivocal expression to pay an interest rate higher than the statutory interest rate until the judgment is satisfied, the contractual interest rate is the proper rate to be applied." *Eastern Savings Bank, FSB v. McLaughlin*, 2014 WL 2440582, at *2 (E.D.N.Y. May 30, 2014). Here, the Note and Mortgage provide for a default interest rate of 11.625 percent. (Pl.'s Rule 56.1 Stmt. ¶ 14.) Given this unambiguous language, Plaintiff is entitled to the contractually agreed upon default interest rate because of the default.

Plaintiff also is entitled to attorneys' fees and costs attributable to its foreclosure efforts. The Mortgage provides that, in the event of a foreclosure, "the Mortgagor shall pay all sums, including reasonable attorneys' fees, incurred by the Mortgagee, together with all statutory costs, disbursements and allowances with or without the institution of an action or proceeding." (*Id.* ¶ 12.) Therefore, Plaintiff is entitled to all costs and fees associated with its foreclosure efforts. *See*, *U.S. Bank Nat'l Assoc.*, 2017 WL 4480869, at *5 (holding that courts "routinely" grant reasonable attorneys' fees and costs in foreclosure actions when the relevant mortgage provides for them). Accordingly, Plaintiff is entitled to the default interest rate set forth in the Mortgage and reasonable attorneys' fees and costs.

**IV.     Defendants "John Doe 1-10" Are Stricken and Discontinued From this Action Without Prejudice**

Under Federal Rule of Civil Procedure 15(a)(2), the Court is free to give leave to amend the complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). Plaintiff states that Defendants "John Doe 1-10," are not necessary parties to this action. (Weiss Dec. ¶ 6.) Accordingly, the Court grants Plaintiff's request to amend the complaint to remove John Does 1-10 from the caption and discontinue them from the action without prejudice. *See e.g.*, *Eastern Savings Bank, FSB v.*

*Beach*, 2014 WL 923151, at *15 (E.D.N.Y. Mar. 10, 2014); *OneWest Bank, N.A. v. Hawkins*, 2015 WL 5706945, at *12 (E.D.N.Y. Sept. 2, 2015).

## **CONCLUSION**

For the forgoing reasons, Plaintiff's Motion for Summary Judgment is granted and Defendants' Motion to Dismiss the Complaint is denied. Accordingly, Plaintiff is awarded a judgment of foreclosure against the Subject Property located in Kings County known as 135 Ross Street, Brooklyn, NY, 11211, and default interest pursuant to the Mortgage and reasonable attorney's fees and costs. In addition, Defendants John Doe Nos. 1 through 10 are dismissed from this action without prejudice and removed from the case caption. It is further ordered that a referee shall be appointed to: (1) compute the amounts due under the Mortgage and Note, including the total amount owed in default interest and Plaintiff's fees and costs, and (2) conduct a foreclosure sale of the Subject Property.

On or before October 30, 2019, Plaintiff shall provide to the Court a list of five (5) prospective referees, including their *curriculum vitae*, demonstrating their qualification for appointment as referee in this matter.

SO ORDERED.

Dated: Brooklyn, New York
      September 30, 2019

                                                  /s/
                                    DORA L. IRIZARRY
                                         Chief Judge