UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
SECURED ASSET MANAGEMENT, LLC,                :
                                                                           :
                              Plaintiff,                          :
                                                                           :
                     -against-                                     :
                                                                           :
CONG. BETH JOSEPH ZWI DUSHINSKY      :
a/k/a/ CONGREGATION BETH JOSEPH ZWI :
DUSHINSKY, ELI KATZ, and NYC                     :
ENVIRONMENTAL CONTROL BOARD,             :
                                                                           :
                              Defendants.                       :
-------------------------------------------------------- X

**MEMORANDUM AND ORDER**
**17-cv-05588 (DLI) (CLP)**

**DORA L. IRIZARRY, United States District Judge:**

On September 25, 2017, Plaintiff Secured Asset Management, LLC ("Plaintiff") brought this foreclosure action against Defendants Cong. Beth Joseph Zwi Dushinsky, a/k/a Congregation Beth Joseph Zwi Dushinsky and Eli Katz ("Defendants"), as well as the City of New York Environmental Control Board, pursuant to New York Real Property Actions and Proceedings Law, seeking to foreclose on a mortgage encumbering property located at 135 Ross Street, Brooklyn, New York (the "Subject Property"). *See* Compl., Dkt. Entry No. 1.

After judgment was awarded in Plaintiff's favor, the Referee filed his Report of Computation ("Report"). *See*, Report, Dkt. Entry No. 46. Plaintiff moved to confirm the Report. *See*, Notice of Mot. to Confirm the Report, Dkt. Entry No. 48; Pl.'s Mem. of Law in Supp. of the Mot. ("Pl. Mem."), Dkt. Entry No. 48-6. Defendants opposed the motion. *See*, Defs.' Mem. of Law in Opp'n to Pl.'s Mot. to Confirm the Report ("Opp'n"), Dkt. Entry No. 49. Plaintiff replied. *See*, Pl.'s Reply Mem. of Law in Further Supp. of Mot. ("Reply"), Dkt. Entry No. 50.

The Court denied Plaintiff's motion without prejudice, pending clarification from the Referee regarding certain calculations, and directed the Referee to file the materials he considered

1

and relied upon in completing the Report.  Summ. Order, Dkt. Entry No. 52.  The Referee then

filed a Supplemental Report and annexed the materials. Suppl. Report, Dkt. Entry No. 54.

Subsequently, the Referee filed a Corrected Supplemental Report.  *See,* Corrected Suppl. Report,

Dkt. Entry No. 55.

For the reasons set forth below, the Court finds that certain determinations by the Referee

are not supported substantially by the record and the motion to confirm the Report is denied,

without prejudice.

## BACKGROUND

The Court assumes the parties' familiarity with the procedural history and factual

background of this case.  A more detailed summary of the facts has been set forth in the Court's

prior orders.  *See,* Op. and Order, Dkt. Entry No. 28 at 2-4; Summ. Order at 2-3.  Thus, only the

facts relevant to the issues before the Court are set forth below.

On September 15, 2010, Plaintiff's predecessor in interest brought an action in New York

State Supreme Court, Kings County ("state court action") seeking to foreclose the Subject

Property, due to Defendants' failure to comply with the Mortgage conditions.  Op. and Order at 3.

*See* Mortgage (the "Mortgage"), Dkt. Entry No. 54-1 at 40-64; Dkt. Entry No. 21-5.  The state

court action was dismissed as Plaintiff had failed to prove that it properly had served on Defendants

a notice to cure the default, which is a condition precedent to commencing a foreclosure action.

*Id.*

Following the dismissal of the state court action, Plaintiff filed a new notice to cure and

reinitiated the foreclosure proceedings by bringing this federal action.  Op. and Order at 3.  On

September 30, 2019, Plaintiff's motion for summary judgment was granted and Defendants'

motion to dismiss the Complaint was denied.  *See,* Op. and Order.  Accordingly, Plaintiff was

awarded a judgment of foreclosure, default interest, and attorneys' fees and costs.  *Id.* at 20.  That judgment was affirmed on appeal.  *See*, *Secured Asset Mgmt., LLC v. Dushinsky*, 828 F. App'x 815 (2d Cir. 2020).

The Court appointed Scott T. Tross, Esq. as referee ("Referee") to: (1) compute the amounts due under the Mortgage and Note, including the total amount owed in default interest and attorneys' fees and costs, and (2) conduct a foreclosure sale of the Subject Property.  Referee Appointment Order dated February 5, 2021, Dkt. Entry No. 39.  The Referee determined that the total amount due under the Note and Mortgage was $1,226,327.64 as of February 26, 2021.  *See*, Report at 12.  Specifically, the Referee determined that Plaintiff was owed: (1) an unpaid principal balance of $429,967.97; (2) interest on the unpaid principal for the period between September 1, 2011 and February 26, 2021 calculated at the rate of $138.84 per day totaling $481,371.53; (3) protective advances in the amount of $1,561.80; (4) attorneys' fees, costs, and disbursements in the amount of $250,101.12; and (5) interest on the attorneys' fees through February 26, 2021 calculated at the rate of $61.40 per day, totaling $63,325.22.  Summ. Order at 2.  The Referee found that interest would accrue at the same rates until the entry of judgment.  *Id.*  When filing the Report, the Referee did not include the materials that he had relied on or provide a detailed breakdown of his calculations.

As part of the total amount due, the Referee found that Plaintiff is entitled to $68,646.00 for attorneys' fees accrued in the state court action.  *Id.* at 3.  Defendants objected only to this finding.  *Id.* at 3.  *See also,* Opp'n at 6-10.  There were no other objections.  Summ. Order at 3.

The Court denied Plaintiff's Motion to Confirm the Report without prejudice, pending further clarification from the Referee regarding the calculations of interest amounts on the unpaid principal and attorneys' fees.  *See*, Summ. Order.  The Court also directed the Referee to attach

the documents that he had considered and relied on in completing the Report. *Id.* Thereafter, the Referee filed a five-page Supplemental Report, annexing eleven exhibits. *See*, Supplemental Report. Subsequently, the Referee filed a Corrected Supplemental Report, to which neither party objected.[1] *See,* Parties' Ltr. re: Corrected Suppl. Report, Dkt. Entry No. 57.

## DISCUSSION

"A district court should confirm a referee's report where its findings are 'substantially supported' by the record." *1077 Madison Street, LLC v. March*, 2017 WL 6383839, at *2 (E.D.N.Y. Mar. 29, 2017), *aff'd*, 954 F.3d 460 (2d Cir. 2020) (quoting *Kaplan v. Einy*, 209 A.D.2d 248, 251 (1st Dep't 1994)). However, the "referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute." *Citimortgage, Inc. v. Kidd*, 148 A.D. 3d 767, 768 (2d Dep't 2017) (citation omitted).

Sloppy, voluminous submissions by both the parties and the Referee have delayed this matter substantially. *See,* Summ. Order. The Referee initially failed to annex to the Report the sources on which he had relied. *Id.* at 3. The Referee should have known that the Report must "identify the documents or other sources upon which the [R]eferee based his finding[s]" and that the Court cannot rely on inadequately supported findings. *Citimortgage, Inc.*, 148 A.D.3d at 769. In order to enable the Court to determine if the Referee's findings were supported substantially by the record, the Court issued the Summary Order, anticipating the Referee would provide organized exhibits and a thorough explanation of his findings. Much to the Court's dismay, the Referee did not do so.

---

[1] The only difference between the Supplemental Report and the Corrected Supplemental Report is that the in the Corrected Supplemental Report, the word "not" is changed to the word "only" on the ninth line on the second page. *See* Ltr. from Referee, Dkt. Entry No. 56. Thus, the sentence "I further found that plaintiff is *not* entitled to recover interest . . ." has been changed to "I further found that plaintiff is *only* entitled to recover interest . . ." *See* Suppl. Report, Dkt. Entry No. 54; Corrected Suppl. Report, Dkt. Entry No. 55 (emphasis added). When referring to the Supplemental Report, the Court is referring to the Corrected Supplemental Report, unless otherwise noted

Instead, the Referee haphazardly annexed eleven (11) exhibits, many of which have multiple sub-exhibits. For example, Exhibit A to the Referee's Supplemental Report is a 116-page exhibit, with 10 separate sub-exhibits. *See*, Dkt. Entry No. 54-1. Those sub-exhibits are entitled Exhibit A through Exhibit H, and then Exhibit A through Exhibit B. Thus, there are two separate Exhibits A within Exhibit A. *See*, Dkt. Entry No. 54-1 at 10-30, 93-112. This disorganization is confusing and time consuming to decipher. This also violates Rule IV.F.1 and Rule IV.F.2 of the Court's Rules, which state, in pertinent part, that all exhibits must be tabbed, indexed properly, and presented in an orderly fashion.[2] While the Report may not be a motion, any entity appearing in any capacity should follow the letter and spirit of the Court's Rules, particularly where, as here, the author of the Report, the Referee, is an attorney.

The Referee also failed to provide a meaningful explanation of his findings in the Supplemental Report. As described below, some aspects of the Supplemental Report regurgitate the Report, while other aspects fail to provide a thorough explanation of the Referee's analysis.

## A.    Attorneys' Fees

The Referee's conclusion that Plaintiff is entitled to $68,646.00 for attorneys' fees accrued during the State court action is not supported by the Mortgage provisions. Report at 10-11. The Mortgage contains two separate provisions involving the recovery of reasonable attorneys' fees and costs. Paragraph 20 of the Mortgage provides that:

> If the Consolidated Mortgage is referred to attorneys for collection or foreclosure, following an event of default which has not been cured, the Mortgagor shall pay all sums, including reasonable attorneys [sic] fees, incurred by the Mortgagee, together with all statutory costs, disbursements and allowances with or without the institution of an action or proceeding. All such sums with interest thereof at the rate set forth herein shall be deemed to be secured by the Consolidated Mortgage and collectible out of the mortgaged premises.

---

[2] The courtesy copy submitted to the Court similarly is disorganized, lacking tabs for exhibits within exhibits.

Mortgage, at ⁋ 20.  In addition, Paragraph 36 of the Mortgage states that:

> Should the holder hereof complete any action of foreclosure following an event of default which has not been cured, such holder shall thereupon become entitled to, and the Mortgagor and/or other owner of the mortgaged premises agrees to pay reasonable attorneys' fees towards attorneys' fees and expenses in connection said foreclosure action in addition to and apart from the usual costs and allowances to which the holder hereof may be entitled or awarded under any law or statute applicable to such action.

*Id.* at ⁋ 36.

The Referee found that Plaintiff is entitled to recover attorneys' fees and costs accrued during the state court action under Paragraph 20 of the Mortgage.  *See*, Report at 10-11.  The Referee determined that the language of Paragraph 20 encompassed legal fees and costs from any proceeding related to foreclosure, including a lawsuit.  *Id.* at 10.  The Referee noted that Paragraph 36 "supplement[s]" Paragraph 20, rather than replaces it.  *Id.*  The Referee chose not to determine whether Plaintiff also could recover attorneys' fees under Paragraph 36.  *Id.* at 11.

Contrary to the Referee's determination, a mortgage document should be interpreted like any contract.  Under New York law, "an interpretation of a contract that has 'the effect of rendering at least one clause superfluous or meaningless . . . is not preferred and will be avoided if possible.'" *Al Thani v. Hanke*, 2021 WL 4311391, at *4 (S.D.N.Y. Sept. 21, 2021) (quoting *Galli v. Metz*, 973 F.2d 145, 149 (2d Cir. 1992) (alteration in original)).  "Rather, an interpretation that gives a reasonable and effective meaning to all terms of a contract is generally preferred to one that leaves a part unreasonable or of no effect." *Galli*, 973 F.2d at 149 (internal quotation marks and citation omitted).  If Paragraph 20 captures all legal proceedings and actions relating to default and foreclosure, then Paragraph 36 becomes superfluous and meaningless.

Moreover, "[i]t is a 'well-established principle [ ] of contract interpretation . . . that all provisions of a contract be read together as a harmonious whole, if possible.'" *In re September 11*

*Litigation.*, 734 F. Supp.2d 542, 550-51 (S.D.N.Y. 2010) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 100 (2d Cir. 1997) (alteration in original).   Paragraphs 20 and 36 of the Mortgage must be read together in a way that effectuates both.   As such, the more accurate reading of Paragraphs 20 and 36 is that Paragraph 20 covers situations in which legal fees were incurred to cure default or foreclose mortgaged premises without the necessity of a court action, whereas Paragraph 36 covers attorneys' fees from a foreclosure action filed in court.   Thus, Paragraph 36 governs whether Plaintiff is entitled to attorneys' fees from the state court action.

Plaintiff asserts that attorneys' fees from the state court action are recoverable.  Pl. Mem. at 4-6.  Plaintiff relies on the word "complete" in Paragraph 36, arguing that the dismissal of the state court action qualifies as a completion of the action and that the Mortgage does not explicitly require that the foreclosure action be successful.  *Id.*; Reply at 3.  The Court finds this argument unpersuasive.  Under Plaintiff's interpretation, a party could recover fees for merely initiating a lawsuit no matter how meritorious or frivolous.  Such an inequitable outcome cannot be the intent behind Paragraph 36.  The Court finds that the word "complete" in Paragraph 36 requires a foreclosure action that proceeded all the way to judgment of foreclosure, which was not the case with the state court action, which was dismissed without determination of the merits.  Therefore, under the Mortgage, Plaintiff cannot recover attorneys' fess and costs incurred during the State court action.

**B.      Interest on the Unpaid Principal and Attorneys' Fees**

In the Summary Order, the Court noted that the Report failed to clarify: (1) why the Referee calculated the interest amount beginning on September 1, 2011 when Plaintiff only is entitled to interest that became due after September 25, 2011; (2) how the applied annual interest rate of 11.625% translated to a daily rate of $138.84; (3) how the Referee calculated the interest on the

unpaid principal; and (4) how the Referee calculated the interest amount on the attorneys' fees. As described below, some conclusions are supported by the record and other conclusions are not.

### 1.    Period of Time for Calculation of Interest

The Referee acknowledges that, due to the six-year statute of limitations, Plaintiff only is entitled to recover interest that became due after September 25, 2011. *See,* Report at 4-5; Corrected Suppl. Report at 2. *See also*, N.Y.C.P.L.R. § 213(4); *53rd St., LLC v. U.S. Bank N.A*., 8 F.4th 74, 78 (2d. Cir. 2021). The common sense conclusion is that, since this action was filed on September 25, 2017, Plaintiff only is entitled to recover interest that became due after September 25, 2011.

Despite this, the Referee determined that the Plaintiff is entitled to recover interest from September 1, 2011. Report at 6; Corrected Suppl. Report at 2. The Referee explained that, "[b]ecause interest for September 2011 became due on October 1, 2011—less than six years prior to commencement of this action—none of that interest is time barred." Corrected Suppl. Report at 2. The Court disagrees. By the Referee's logic, Plaintiff is entitled to interest for the entire month of September 2011, although the statute of limitations bars recovery of interest that became due before September 25, 2011. The Referee does not cite to any case law supporting the proposition that, when interest is paid in arrears, the recovering party is entitled to interest for time outside of the statutory period. Plaintiff is not entitled to recover interest for the entirety of September 2011. Plaintiff is entitled only to recover interest that became due after September 25, 2011.

### 2.    Calculation of Interest Rate

The Referee concluded that Plaintiff is entitled to recover interest on the principal sum of $429,967.97 at the default interest rate of 11.625% per annum. Corrected Suppl. Report at 2; Report at 5-6. The Referee multiplied the unpaid principal amount of $429,967.97 by the default

interest rate of 11.625% and divided that number by 360 days to reach an approximately $138.84 per diem interest rate.  Referee Corrected Suppl. Report at 2-3.  This calculation is supported by the record.  However, the Referee multiplied the per diem interest rate by the number of days incorrectly starting on September 1, 2011.  As September 1, 2011 is not the appropriate date from which to determine the number of days, the Referee's calculation is flawed.  The Referee must adjust the number of days in this calculation to reflect the appropriate date from which to begin calculating interest.

The Referee refers to the computation of interest due on attorneys' fees, costs, and disbursements as "involved."  Corrected Suppl. Report at 3.  Instead of providing a thorough analysis, the Referee refers broadly to voluminous exhibits.  *Id.*  Though the Referee noted previously that interest should be calculated at a rate of $61.40, the Referee stated that a per diem interest rate of $5.8491 should be used as well.  Report at 12; Corrected Suppl. Report 3.  The Referee concluded further that, because the attorney's fees, costs, and disbursement accumulate over time, the interest also increases. Corrected Suppl. Report at 3.  However, the Referee refers only generally to lengthy exhibits without identifying specific exhibits for any of the numerical values he points to.  *Id.* at 3-4.

The Referee provided the formula for his interest calculation, to wit, ( [payment amount] x [default interest rate] ) / [360 days] = per diem interest rate.  That rate is multiplied by the number of days for which attorneys' fees, costs, and disbursements remained at a particular dollar amount. *Id.*  As the Referee's calculation of attorney's fees is not supported by the record, the Referee also must  re-calculate the amount of interest due on attorney's fees, costs, and disbursements.

9

C.      **Unpaid Principal Balance and Protective Advances**

The Referee's findings that Plaintiff is entitled to an unpaid principal balance of $429,967.97 and protective advances in the amount of $1,561.80 are supported by the record. Report at 4-5, 8.

<u>**CONCLUSION**</u>

The Court finds that certain determinations by the Referee are not supported substantially by the record.  Accordingly, it is hereby ORDERED that, BY NO LATER THAN MARCH 29, 2023, the Referee must file an Amended Report computing the amounts due to Plaintiff consistent with this Memorandum and Order.  As such, the Referee is ORDERED further to:

1.      Include the amount of unpaid principal and protective advances owed to Plaintiff;

2.      Compute the interest on unpaid principal owed to Plaintiff at a rate of $138.84 per day from after September 25, 2011 to the date of the Amended Report;

3.      Compute the attorneys' fees, costs, and disbursements due to Plaintiff, specifying the documents he relies on; and

4.      Compute the interest on attorneys' fees, costs, and disbursements through the date of the Amended Report.

It is further ORDERED that, for each computation, the Referee shall provide the Court with a breakdown of the calculation, including each number employed and a specific citation to the record, identifying the source of the number.  The Court should be able to verify each computation readily.  The Referee must include an index, detailing any exhibits annexed to the Amended Report.

Immediately upon filing, Plaintiff is directed to forward a hard courtesy copy of the Amended Report and any exhibits to the Court with a cover letter, index, and exhibits properly tabbed.  Additional motion practice from the parties on this matter is unnecessary and will not be permitted.  Finally, Plaintiff and the Referee are admonished that, failure to comply with this Memorandum and Order, particularly failure to support properly any calculations, will result in those calculations being deducted from the overall amount due to Plaintiff.

SO ORDERED.

Dated:  Brooklyn, New York
        March 9, 2023

_____
/s/
DORA L. IRIZARRY
United States District Judge